'23CV2020 RSH MSB

# EXHIBIT C

ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
MADELEINE K. LEE, CA Bar No. 258520
madeleine.lee@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
MATTRESS FIRM, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| AMY EVERETT, DAVID SHATTUCK, and DAVID JACKSON, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>     vs.<br><br>MATTRESS FIRM, INC., and Does 1 through 50, inclusive,<br><br>             Defendants. | Case No. 37-2023-00041586-CU-OE-CTL<br><br>**DEFENDANT MATTRESS FIRM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT**<br><br>[Assigned for all purposes to<br>The Honorable Richard S. Whitney,<br>Dept. C-68]<br><br>Action Filed:   September 25, 2023<br>Trial Date:     None |

1

DEFENDANT MATTRESS FIRM, INC.'S ANSWER TO
PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT

EXHIBIT C PAGE 44
59033424.v2-OGLETREE

**TO PLAINTIFF AMY EVERETT, DAVID SHATTUCK AND DAVID JACKSON AND THEIR ATTORNEYS OF RECORD:**

Defendant MATTRESS FIRM, INC. ("Defendant") hereby answers Plaintiff AMY EVERETT, DAVID SHATTUCK, and DAVID JACKSON's ("Plaintiffs") unverified Class Action Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, each and every allegation of Plaintiff's unverified Complaint and further denies, generally and specifically, that Plaintiff and/or the putative class members have been injured in the amount and/or manner alleged, or in any other manner whatsoever. Defendant further denies that Plaintiff and/or putative class members are entitled to damages or to any other relief whatsoever by reason of the alleged acts and/or omissions of Defendant, or by reason of the alleged acts and/or omissions of any current or former agent or employee of Defendant.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action, claim and allegation contained therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Mandatory Arbitration)

1. The Complaint is barred, in whole or in part, to the extent that Plaintiffs and/or the members of the putative class Plaintiffs seek to represent (the existence of which is expressly denied) agreed to submit all claims pursuant to the California Labor Code and/or California Business and Professions Code to binding, private arbitration on an individual basis.

/ / /
/ / /

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.     As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitations, Cal. Code Civ. Proc. §§ 335.1, 337, 338, 339, 340, and Cal. Bus. & Prof. Code § 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.     As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.     As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(*Res Judicata* and Collateral Estoppel)**

5.     As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendants allege that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.  Plaintiff and putative members of the class they seek to represent are bound by any prior determination made by any person or authority with competent jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

6. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

7. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

8. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, because Plaintiffs and the putative members of the class consented to and/or acquiesced to the alleged conduct by Defendant of which Plaintiffs now complain.

**NINTH AFFIRMATIVE DEFENSE**

**(Releases)**

9. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class are barred, in whole or in part, to the extent that individuals who Plaintiffs wish to represent as putative class members may have released some or all of the claims against Defendant that are being asserted in Plaintiffs' Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10. As a separate and affirmative defense to Plaintiffs' Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' purported causes of action set forth in the Complaint and the claims of some or all of the putative class members they seek to represent are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiffs and/or putative members of the class they seek to represent are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, and/or Recoupment)

12. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that, if any damages have been sustained by Plaintiffs and/or any putative member of the purported class she seeks to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiffs or any putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

13. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiffs and the putative members of the class they seek to represent are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good

faith and had reasonable grounds for believing that it did not violate those provisions.

### FOURTEENTH AFFIRMATIVE DEFENSE

(*De Minimis*)

14. As a separate and affirmative defense to Plaintiffs' Complaint and to any wage claims alleged therein, Defendant alleges that, to the extent that Plaintiffs and/or any putative members of the class they seek to represent were harmed in any way (which Defendant specifically denies), the damages of Plaintiffs and/or any putative members of the purported class are *de minimis* and, thus, not legally cognizable or not capable of determination.

### FIFTEENTH AFFIRMATIVE DEFENSE

(**Justification and Privilege**)

15. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class they seek to represent are barred, in whole or in part, because Defendant's actions were at all times privileged and/or justified. Defendant further alleges it cannot be liable for any alleged violation of the California Labor Code or Business and Professions Code section 17200, et seq., because Defendant's actions, conduct, and/or dealings with its employees were lawful and were carried out in good faith and for legitimate business purposes.

### SIXTEENTH AFFIRMATIVE DEFENSE

(**Adequate Remedy at Law**)

16. As a separate and affirmative defense to Plaintiffs' claim for violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims of Plaintiffs and putative members of the class they seek to represent are barred in light of the fact that Plaintiffs and the putative class members have an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(**No Equitable Relief**)

17. As a separate and affirmative defense to Plaintiffs' claim for violation of California Business and Professions Code § 17200, et seq., Defendant alleges that Plaintiffs and the putative members of the class they seek to represent cannot recover "restitution" for violation of California

1  Business and Professions Code § 17200, et seq., to the extent that what Plaintiffs and putative

2  members of the class seek as "restitution" is a disguised and impermissible form of damages.

3  **EIGHTEENTH AFFIRMATIVE DEFENSE**

4  **(Avoidable Consequences)**

5      18. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of

6  action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative

7  members of the class they seek to represent are barred, in whole or in part, under California law by

8  the doctrine of avoidable consequences on the grounds that they and/or they unreasonably failed to

9  make use of Defendant's practices and/or procedures by failing to timely and properly report any

10  purportedly unlawful actions and/or omissions alleged in the Complaint, and some or all of the

11  alleged damages would have been avoided by such action.

12  **NINETEENTH AFFIRMATIVE DEFENSE**

13  **(No Proximate Causation)**

14      19. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of

15  action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative

16  members of the class they seek to represent are barred, in whole or in part, because Plaintiffs and

17  the putative members of the class have suffered no damages that were proximately caused by, or in

18  fact caused by any action or conduct of Defendant.

19  **TWENTIETH AFFIRMATIVE DEFENSE**

20  **(Lack of Standing – Class Action)**

21      20. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of

22  action alleged therein by Plaintiffs on behalf of putative members of the class they seek to

23  represent, Defendant alleges that Plaintiffs lack standing and cannot represent the interests of the

24  other alleged class members as to some or all of the purported class claims.

25  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

26  **(Constitutional Defense to Penalties)**

27      21. As a separate and affirmative defense to Plaintiffs' Complaint and to each cause of

28  action alleged therein, Defendant alleges that Plaintiffs and the putative class members they seek to

1 represent are not entitled to recover any penalties under California or federal law, and any award of
2 penalties would in general or in fact violate Defendants' rights under the United States and
3 California constitutions, including, but not limited to, the due process clauses of the Fifth and
4 Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and
5 unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as
6 the due process, excessive fines, and cruel and unusual punishment clauses in the California
7 Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption / Void Laws)

22. As a separate and affirmative defense to Plaintiffs' Complaint and to each purported cause of action therein, Defendant alleges that Plaintiffs' purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court deny any request(s) by Plaintiffs and/or putative members of the purported class to certify this action as a class action;

2. That Plaintiffs and members of the putative class take nothing by the Complaint;

3. That Plaintiffs' Complaint herein be dismissed in its entirety, with prejudice;

4. That judgment be entered against Plaintiffs and in favor of Defendant on all causes of action asserted in the Complaint;

5. That Defendant be awarded its costs and attorneys' fees incurred herein, including, but not limited to, costs and attorneys' fees pursuant to California Labor Code § 218.5; and

6. For such other and further relief as the Court deems just and proper.

DATED: November 1, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *Alexander Chemers*
Alexander M. Chemers
Madeleine K. Lee

Attorneys for Defendant
MATTRESS FIRM, INC.

# PROOF OF SERVICE
*Amy Everett, et al. v. Mattress Firm, Inc., et al.*
Case No. 37-2023-00041586-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, my electronic service address is elizabeth.mendoza@ogletree.com.

On November 1, 2023, I served the following document(s):

**DEFENDANT MATTRESS FIRM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT**

On the interested parties in this action, addressed as follows:

| | |
|---|---|
| Robin G. Workman, Esq.<br>WORKMAN LAW FIRM, PC<br>2325 3rd Street, Suite 329<br>San Francisco, CA 94107<br>Telephone: (415) 782-3660<br>Facsimile: (415) 788-1028<br>Email: robin@workmanlawpc.com | Attorneys For Plaintiffs<br>Amy Everett, David Shattuck, And David Jackson, On Behalf Of Themselves And All Others Similarly Situated |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 1, 2023, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Mendoza | */s/ Elizabeth Mendoza* |
| Type or Print Name | Signature |